# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LISA DEFRANK, *et al.*, | Case No. 1:18-cv-00296 |
| Plaintiffs, | Judge Michael R. Barrett |
| v. | |
| SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter comes before the Court upon the Motion to Transfer Venue filed by Defendant Samsung Electronics America, Inc. ("Samsung"). (Doc. 26). Named Plaintiffs Lisa DeFrank, Chris Garcia, Mark DiTroia, Carl Gersh, Wendy Dowds, Maria Keene, and Ashley Nuibe, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), filed a Response in Opposition (Doc. 28), and Samsung filed a Reply (Doc. 29). For the reasons set forth below, Samsung's Motion will be **GRANTED**.

### I. Background

According to the Amended Complaint, Samsung is responsible for designing, manufacturing, marketing, and selling consumer clothes drying machines ("dryers") with a faulty design or manufacturing process, resulting in a defect that rendered the dryers unusable for their stated purpose. (Doc. 22, ¶ 1). Plaintiffs purchased the dryers in question through various retailers between December 2011 and May 2017 (*Id.*, ¶¶ 23, 33, 41, 50, 61, 69, 77), and allege that Samsung's use of "thin-gauge steel . . . and/or

defective fly wheels," eventually caused large cracks in the drum and subsequent exposure of the heating element (*Id.*, ¶ 6).

Plaintiffs seek class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, and accordingly propose a single nationwide class in addition to six subclasses composed of individuals who purchased one or more of 164 models of Samsung dryers (*Id.*, Attach. A) in the states of California, New Jersey, New Mexico, Ohio, Illinois, and Florida.[1] (*Id.*, ¶ 137). The Amended Complaint contains eleven counts against Samsung, including two under federal law on behalf of the nationwide class (or, alternatively, on behalf of each of the state subclasses), three under California law, two under Ohio law, and one each under the state laws of New Jersey, New Mexico, Illinois, and Florida. (*Id.*, ¶¶ 146-260).

Plaintiffs filed their Initial Complaint (Doc. 1) and, in response to Samsung's Motion to Dismiss (Doc. 16), filed an Amended Complaint (Doc. 22). *See* FED. R. CIV. P. 15(a)(1)(B). Samsung responded by filing the currently pending Motion to Transfer Venue, arguing that the balance of the relevant factors strongly supports transfer of this action to the U.S. District Court for the District of New Jersey. (Doc. 26).

II. **Standard of Law**

In relevant part, the statute governing changes of venue provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). The district courts retain broad discretion to adjudicate motions

---

[1] The proposed "California Class" includes only individuals who purchased one or more of the dryers in question "primarily for personal, family[,] or household purposes, as defined by California Civil Code § 1791(a)." (Doc. 22, ¶ 137).

to transfer venue on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see Artisan Dev., Div. of Kaiser Aetna v. Mountain States Dev. Corp.*, 402 F. Supp. 1312, 1314 (S.D. Ohio 1975) ("[D]ecisions on transfer motions are left in large measure to the sound discretion of the district court judge and that discretion is broader than traditionally permitted or exercised under the doctrine of *forum non conveniens.*").

While a plaintiff's original choice of venue is entitled to "considerable weight," the court should also examine "both the private interest of the litigants and the public's interest in the administration of justice." *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989); *accord Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) ("[P]ublic-interest concerns, such as systemic integrity and fairness . . . come under the rubric of 'interests of justice.'"). Ultimately, the moving party bears the burden of proving that transfer under 28 U.S.C. § 1404(a) will serve the interests of justice and not merely shift inconvenience from one party to another. *Hanning*, 710 F. Supp at 215.

### III. <u>Analysis</u>

Of the named Plaintiffs (and proposed class representatives) in the Amended Complaint, two reside in Ohio, and one each reside in the states of California, Florida, Illinois, New Jersey, and New Mexico. (Doc. 22, ¶¶ 22, 32, 40, 49, 60, 68, 76). Samsung is a New York corporation with its principal place of business in New Jersey. (Doc. 26 at PageID 202).

3

### a. District of New Jersey

The Court must first consider whether the present action might have been brought in the District of New Jersey. *See* 28 U.S.C. § 1404(a). "An action 'might have been brought' in a transferee court if: (1) the [transferee] court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Collaborative Sys. Grp. v. Grove*, No. 1:10cv543, 2012 U.S. Dist. LEXIS 195814, at *2 (S.D. Ohio Jan. 18, 2012) (citing *Sky Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000)). Under the general venue statute, "[a] civil action may be brought in . . . a judicial district in which any defendant resides. . . ." 28 U.S.C. § 1391(b)(1). The parties do not dispute that this matter could have been brought in the District of New Jersey (Doc. 26, PageID 206); (Doc. 28, PageID 222), and the Court, after reviewing the Amended Complaint, concurs.

### b. Public and Private Factors

Although courts generally assign "great weight" to a plaintiff's choice of venue, "when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *accord Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs . . . all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened."); *Shulof v. Westinghouse Electric Corp.*, 402 F. Supp. 1262, 1263 (S.D.N.Y. 1997) (same). *But see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("[W]hen the transferee venue

4

is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.").

The remaining public and private interest factors to be weighed when adjudicating a motion to transfer venue under 28 U.S.C. § 1404(a) are "generally the same as those to be considered on a motion to dismiss under the common law doctrine of *forum non conveniens* . . . laid out in *Gulf Oil Co. v. Gilbert*." 17 Georgene M. Vairo, *Moore's Federal Practice: Civil* § 111.13(1)(b) (2019); *cf. Norwood v. Kirkpatrick*, 349 U.S. 29 (1955) (the relevant factors in deciding a motion to transfer venue are the same as those to be considered in a determination of *forum non conveniens*, but "the discretion to be exercised [by the district court] is broader").

> The factors pertaining to the private interests of the litigants included the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." The public factors bearing on the question included the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws . . . and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508–509 (1947)) (internal citations omitted); *see Midwest Motor Supply Co. v. Kimball*, 761 F. Supp. 1316, 1318 (S.D. Ohio 1991) (courts should consider, *inter alia*, "the nature of the suit," "the place of the events involved," "and the residences of the parties").

Because not all factors are applicable in every case and "no one factor is determinative" in a convenience analysis, the Court will only discuss the most relevant

and persuasive factors at play in the present matter. *Greenfield Prods. V. Batesville Tool & Die, Inc.*, No. 1:08cv38, 2008 U.S. Dist. LEXIS 32481, at *12 (S.D. Ohio Apr. 2, 2008).

Plaintiffs argue that their choice of venue must be given "substantial weight," but fail to cite supporting authority in which named plaintiffs in a putative class action were successful in quashing a motion to transfer venue based on choice of venue. Regardless of whether the nature of this suit requires the Court to accord less deference to Plaintiffs' choice of venue, though, this factor alone still disfavors transfer without a clear showing by Samsung that the District of New Jersey is a *more convenient* venue. *See Hanning*, 710 F. Supp at 215.

Plaintiffs further argue that because a plurality[2] of named Plaintiffs reside in Ohio, transfer would be inconvenient. However, five of seven named Plaintiffs in the Amended Complaint have no connection to Ohio, and a transfer would be neither more nor less convenient for them (apart from the single named Plaintiff whose resides in New Jersey, and for whom transfer would be more convenient). A majority of named Plaintiffs will still be inconvenienced by travel whether this case is adjudicated in Ohio or in New Jersey.

Moreover, while facts related to named Plaintiffs' individual claims may center around the purchase and use of dryers in their respective home states, none of the dryers were designed, tested, or manufactured in Ohio, and the claims "arise out of alleged systematic conduct" by Samsung in New Jersey. *See Donia v. Sears Holding Corp.*, No. 1:05cv804, 2008 U.S. Dist. LEXIS 43532, at *14 (N.D. Ohio May 30, 2008). Samsung contends that because it is not an Ohio corporation, does not have its principal place of

---

[2] Plaintiffs actually assert that a "majority" of the cases arose in Ohio. (Doc. 28, PageID 224). A more accurate characterization would be a "plurality," because the Ohio-based cases still constitute a minority of the whole. *Compare Plurality,* BALLENTINE'S LAW DICTIONARY (3d ed., 2010), with *Majority*, BALLENTINE'S LAW DICTIONARY (3d ed., 2010).

business in Ohio, and is not subject to general jurisdiction in Ohio, the "vast majority" of claims against it would need to be dismissed and refiled in separate actions across the country, thereby causing inconvenience, incurring unnecessary expense, risking the potential for inconsistent results, wasting judicial resources, and potentially resulting in consolidation. (Doc. 26, PageID 207-09). While Plaintiffs dispute Samsung's theory of personal jurisdiction, the fact remains that a majority of named Plaintiffs and a majority of claims in the Amended Complaint have little to no connection to Ohio.

The nature of this action makes it likely that the bulk of the evidence will come from Samsung and its employees. Therefore, despite Plaintiffs' assertion that the emergence of electronic discovery diminishes the importance of physical access to sources of evidence, this factor remains a part of the Court's convenience analysis. *See Volkswagen*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."); *In re Link-A-Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) ("While advances in technology may alter the weight given to [convenience of witnesses and the location of physical evidence], it is improper to ignore them entirely.").

Samsung argues that, to the extent this case has a geographic center, that center is located in New Jersey and New Jersey courts and juries have an equal interest in hearing and deciding this case. Samsung further argues that regardless of whether this Court or the United States District Court for the District of New Jersey hear the merits of this case, either court will necessarily have to decide certain claims by applying different state law and, thus, the courts are on equal footing in that respect. The Court agrees with Samsung in both respects.

Additionally, Samsung forecasts an intention, if necessary, to call a number of its current and former employees based in New Jersey as witnesses and argues that those people would be inconvenienced by being forced to travel to Ohio. And while Plaintiffs counter that the Court should make a distinction between the convenience of witnesses who are employees of a party and the convenience of third-party witnesses, such a distinction is not controlling. *See, e.g., Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 939 (E.D. Mich. 2001) ("Congress never evinced an intent to protect only non-employee witnesses. . . . It may be no less convenient for a witness who happens to work for a defendant corporation to travel hundreds of miles for judicial proceedings than it would be for any other witness to do so.").

After weighing the relevant public and private factors, the Court concludes that Samsung has sufficiently met its burden under 28 U.S.C. § 1404(a) and the balance of convenience weighs in favor of transfer. Transfer of this case to the District of New Jersey is proper and in the overall interest of justice.

## IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** that Defendant Samsung's Motion to Transfer Venue (Doc. 26) is **GRANTED**. The Clerk of Courts is **DIRECTED** to transfer this case to the United States District Court for the District of New Jersey.

**IT IS SO ORDERED**.

                                                           __s/ Michael R. Barrett_____
                                                           JUDGE MICHAEL R. BARRETT